UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LATASHA LOPER obo C.D., ) | CASE NO. 1:16 CV 2565 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | OPINION & ORDER |
| CLEVELAND POLICE HEADQUARTERS, et al., ) | |
| ) | |
| Defendants. ) | |

On October 20, 2016, Plaintiff *pro se* Latasha Loper filed this *in forma pauperis* action on behalf of her minor child, C.D., against Defendants Cleveland Police Headquarters, Cleveland Metropolitan School District, and the Ohio Department of Education Procedural Safeguard. Plaintiff alleges in the Complaint that the Cleveland Police were called by officials at her son's school about a problem concerning a rubber toy cellphone. She further alleges the police used excessive force against her son, who was charged with assaulting police officers. Plaintiff asserts claims for discrimination based on disability, race, gender, and age; improper arrest; disorderly conduct; child abuse; assault; conspiracy; bullying; neglect; and, improper handling of hearing decisions. She seeks $7 million in damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*,

99 F.3d 194, 197 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.*  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

As a threshold matter, while Rule 17(c) of the Federal Rules of Civil Procedure permits a

parent to bring suit on behalf of her minor child, it does not allow a non-lawyer parent to represent her child in federal court. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is [his] own and does not belong to [his] parent or representative"); *Matthews v. Craige*, Civ. No. 1:16-CV-11680, 2016 WL 3522320, at *2 (E.D. Mich. June 28, 2016) ("Because Plaintiff is proceeding *pro se* in this action and is not a licensed attorney, he may not bring claims on behalf of his minor children."). There is no indication that Ms. Loper is an attorney.

Further, insofar as Plaintiff seeks relief on her own behalf under the Individuals with Disabilities Education Act, the Complaint does not set forth factual allegations reasonably suggesting she might have a valid claim. At most, Plaintiff merely asserts legal conclusions that her son was deprived of a free appropriate public education.

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: February 6, 2017            *s/    James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE